CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 2 8 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD WAYNE BARKSDALE,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:05cv00463** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TRACY S. RAY,** | ) | **By: Jackson L. Kiser** |
| **Respondent.** | ) | **Senior U.S. District Judge** |

Petitioner Donald Wayne Barksdale, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Barksdale is challenging his February 24, 1994, conviction in the Circuit Court of Pittsylvania County for robbery. Barksdale was sentenced to serve five years and is currently confined at Red Onion State Prison. As grounds for relief, Barksdale claims that the indictment was defective in that it failed to delineate all the elements of the crime of which he was convicted. After reviewing the petition, I find that it is untimely and therefore must be dismissed.

Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). Section §2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under §2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

However, for convictions which became final before the ADEPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4 th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, absent tolling the period for filing a habeas petition expired on April 24, 1997. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Accordingly to his petition, Barksdale was convicted and sentenced on February 24, 1994. Petitioner appealed his conviction to the Court of Appeals of Virginia, but that petition was denied on February 13, 1995. He then appealed his conviction to the Supreme Court of Virginia; it was denied on June 23, 1995. Petitioner thereafter filed his first habeas petition on this conviction; on November 30, 2004, it too was denied by the Pittsylvania County Circuit Court. As petitioner was convicted prior to the enactment of the ADEPA, the limitations period expired on April 24, 1997 and as the petitioner did not file his first habeas petition until well after the limitations period had expired, it did not toll the running of the limitations period. Furthermore, Barksdale has made no

2

showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied. Therefore, the limitations period expired on April 24, 1997.

Inasmuch as Barksdale did not file the instant petition until July 17, 2005, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A) and I shall deny relief on that basis.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent, if known.

ENTER: This **28ᵀʰ** day of July, 2005.

_Jackson L. Kiser_
Senior U.S. District Judge

3